UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMEY STANLEY,

    Plaintiff,

v.                                  CASE NO.:

THRIVE SENIOR LIVING, LLC,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JAMEY STANLEY ("Plaintiff"), by and through undersigned counsel, brings this action against Defendant, THRIVE SENIOR LIVING, LLC ("Defendant"), and in support of her claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, for failure to pay overtime wages under 29 U.S.C. § 215(a)(3).

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 *et seq.*

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Lee County, Florida.

## PARTIES

4. Plaintiff is a resident of Charlotte County, Florida.

5. Defendant operates a senior living facility in Lee County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

10. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

11. Defendant continues to be an "employer" within the meaning of the FLSA.

12. At all times material hereto, Defendant was and continues to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

13. At all times relevant to this action, Defendant was engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

14. At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

## FACTS

15. Plaintiff began working for Defendant as a Certified Nursing Assistant ("CNA") in October 2019, and she was working as a Housekeeper at the time of her termination on January 17, 2021.

16. At various times material hereto, Plaintiff worked hours in excess of forty (40) hours within a workweek for Defendant, and she was entitled to be compensated for these overtime hours at a rate equal to one and one-half times her regular hourly rate.

17. Defendant failed to pay Plaintiff an overtime premium for all of the overtime hours that she worked, in violation of the FLSA.

18.     For any hours worked in excess of forty (40) hours per week, Plaintiff was paid at her normal rate of $14 per hour. Plaintiff typically worked about sixty (60) hours per week.

19.     Throughout Plaintiff's entire tenure with Defendant, she was not paid for all hours worked. Plaintiff's paychecks were typically ten (10) hours short.  Thus, Plaintiff was not paid for all of her hours worked and the overtime hours for which she was paid were not paid at the required rate.

20.     Plaintiff complained to Defendant about its failure to compensate her as required by the FLSA but no corrective action was taken.

21.     Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COUNT I – FLSA OVERTIME VIOLATION

22.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 11 of this Complaint, as though fully set forth herein.

23.     During the statutory period, Plaintiff worked overtime hours while employed by Defendant, and she was not compensated for all of these hours in accordance with the FLSA.

24.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

25. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

a) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

b) Judgment against Defendant stating that Defendant's violations of the FLSA were willful;

c) An equal amount to Plaintiff's overtime damages as liquidated damages;

d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

e) A declaratory judgment that Defendant's practices as to Plaintiff were unlawful, and grant Plaintiff equitable relief;

f) All costs and attorney's fees incurred in prosecuting these claims; and

g) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 24th day of February, 2023.

        Respectfully submitted,

        */s/ Ashwin R. Trehan*
        **Ashwin R. Trehan**
        Florida Bar No.: 42675
        **Wenzel Fenton Cabassa P.A.**
        1110 N. Florida Avenue
        Suite 300
        Tampa, Florida 33602
        Main No.: 813-224-0431
        Direct No.: 813-774-3391
        Facsimile No.: 813-229-8712
        Email: atrehan@wfclaw.com
        Email: aketelsen@wfclaw.com
        Attorneys for Plaintiff